865 F.2d 1257
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Frank CARPENTER; Eileen Carpenter, Plaintiffs-Appellants,
v.
WEST VIRGINIA DEPARTMENT OF HUMAN SERVICES; Mary Beth
Kershner, Special Assistant Attorney General,
Defendants-Appellees.
 No. 88-1148.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 14, 1988.
Decided: Dec. 21, 1988.
Rehearing Denied Jan. 19, 1989.
 
 Eileen Carpenter, Frank Carpenter, appellants pro se.
 Charles G. Brown, III (Office of the Attorney General of West Virginia), for appellees.
 Before DONALD RUSSELL, ERVIN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Frank and Eileen Carpenter filed a habeas petition pursuant to 28 U.S.C. Sec. 2254 seeking the return of their five children, who were removed from the family home by West Virginia authorities for neglect and abuse. This is the Carpenter's third habeas petition filed in federal court and the latest in an unending tug-of-war conducted in state and federal courts over the last two years. We note that this judicial combat is likely to continue in the future in that there are pending proceedings in West Virginia courts on the state's motion to terminate parental rights.
 
 
 2
 Whatever course these proceedings have taken, or will take, the Court has made it clear that federal courts do not have jurisdiction under 28 U.S.C. Sec. 2254 over child-custody matters. Lehman v. Lycoming County Children's Services, 458 U.S. 502 (1982). Lehman is premised on federalism concerns and the Court's recognition that states (and the children) have an "unusually strong" interest in finality in these matters. Id. at 512-14. The history of these proceedings typifies the concerns expressed in Lehman and is a reminder of why federal habeas review is inappropriate.
 
 
 3
 Therefore, we hold that the district court should not have entertained the Carpenter's petition in any fashion for want of jurisdiction. Accordingly, we affirm the district court's order of dismissal, but on the authority of Lehman rather than for the reasons given in the order. We dispense with oral argument because the facts and legal contentions are adequately presented on the record before this Court and oral argument will not aid the decisional process.
 
 
 4
 AFFIRMED.